UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MASON SMITH,

                           Plaintiff,

                                                                  1:25-CV-750

               v.                                                 (MAD/DJS)

DEBORAH MURRAY, *et al.*,

                           Defendants.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

MASON SMITH
Plaintiff *Pro Se*
Saratoga Springs, New York 12866

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      Plaintiff filed this Complaint alleging violations of his constitutional rights on June 12, 2025. Dkt. No. 1. After reviewing Plaintiff's submissions, this Court granted Plaintiff's motion to proceed *in forma pauperis* and following a review under 28 U.S.C. § 1915(e), permitted Plaintiff's Complaint to proceed. Dkt. No. 6.

      Plaintiff has now moved to amend the Complaint. Dkt. No. 9. The proposed amendment seeks to identify previously unidentified Doe Defendants and name one additional Defendant. *See* Dkt. No. 9-3. Having determined the name of the previous Doe Defendants, the proposed amendment also seeks to remove Deborah Murray as a Defendant, who had previously been named only for purposes of providing discovery on the identities of the Does. *Id.*

"A motion for leave to amend a complaint is governed by FED. R. CIV. P. 15, which states that leave to amend should be freely given when justice so requires." *Lamoureux v. Trustco Bank*, 592 F. Supp. 3d 14, 26 (N.D.N.Y. 2022) (internal quotation and citation omitted). Here, good cause has clearly been shown. Permitting this amendment, which identifies the proper Defendants, will permit this matter to move forward more efficiently. The Court, therefore, grants the Motion. The Clerk is directed to docket the proposed amended complaint as the Amended Complaint and issue summons for Defendants Butler, Ghanime, and Stepenets and forward them for service. Because Deborah Murray is not named as a Defendant in the proposed amendment, the Clerk may also terminate her as a party.

When the Complaint was filed, Plaintiff also filed a Motion to Proceed under a Pseudonym. Dkt. No. 3. Plaintiff subsequently requested that that Motion be withdrawn in lieu of the filing of a "corrected version of the motion." Dkt. No. 10 at p. 1. A new motion to proceed by way of a pseudonym has now been filed. Dkt. No. 11. Plaintiff's first motion, Dkt. No. 3, therefore, is denied as moot. Plaintiff's most recent Motion for this relief remains pending and will be decided in due course.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that the Clerk docket the proposed amended complaint as the operative pleading, issue summonses for the new Defendants and forward them along with a packet containing General Order 25, which sets forth the Civil Case Management

Plan used by the Northern District of New York, along with copies of the Amended Complaint and this Order to the United States Marshal for service upon the Defendants; and it is further

**ORDERED**, that the Clerk terminate Defendant Murray as a Defendant; and it is further

**ORDERED**, that Plaintiff's Motion to Proceed under a Pseudonym (Dkt. No. 3) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Dated:  August 11, 2025
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge