UNITED STATES DISTRICT COURT
NORTHERN NEW YORK DISTRICT OF NEW YORK

---

MASON SMITH,

                         *Plaintiff*,

      -against-                               25-CV-0750

PIA GHANIME, *et.al*,                           MAD/DJS

                        *Defendants*.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

                                                                     LETITIA JAMES
                                                                     New York State Attorney General
                                                                        *Attorney for Defendants Pia Ghanime.,*
                                                                                *Gregory Stepenets, and Courtney Butler*
                                                                     The Capitol
                                                                    Albany, New York  12224

Heather Lammardo
Assistant Attorney General
Bar Roll No. 5876073
Telephone:  (518) 776-2584
Email: heather.lammardo@ag.ny.gov                                  Date: November 21, 2025

**PRELIMINARY STATEMENT**

Plaintiff Mason Smith[1] asserts claims arising from a decision not to admit him as an inpatient following a mental health evaluation at Capital District Psychiatric Center (CDPC). He alleges defendants Dr. Pia Ghanime and Dr. Gregory Stepenets violated his constitutional rights by not admitting him for inpatient psychiatric treatment despite a known risk of self-harm because he was homeless, and that defendant Courtney Butler falsified documents supporting the violation. Plaintiff proceeds *pro se* and identifies his claims as "Violation of Civil Rights - 42 U.S.C. § 1983 – Fourteenth Amendment - Equal Protection and Substantive Due Process." Amended Complaint, ECF No. 13 (Complaint), ¶ 4. He seeks punitive damages and "a judgment declaring that defendants violated the plaintiff's constitutional rights." *Id.* at ¶ 5.

The Complaint should be dismissed in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because it fails to state a claim for relief. The Complaint fails to state a cognizable substantive due process claim because the defendants had no constitutional duty to protect plaintiff from a risk of self-harm when he was not in state custody or at risk of state-created danger. The Complaint fails to state a cognizable equal protection claim because homelessness is not a suspect class, and plaintiff asserts no fact allegations that similarly situated individuals were treated differently without rational basis. Finally, the defendants are entitled to qualified immunity because it was objectively reasonable for them to believe their acts were lawful based on the allegations contained in the Complaint.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he is a resident of New York State who was "homeless and experiencing a psychiatric crisis" on July 20, 2024, when he was evaluated at CDPC "during an

---

[1] Plaintiff brings this action under a pseudonym. Complaint ¶ 4.

1

acute mental health episode involving suicidal ideation and a specific plan to harm himself." Complaint ¶¶ 3, 5. Plaintiff informed staff, including defendants Doctors Ghanime and/or Stepenets, that he would go to Price Chopper, purchase a knife, return to CDPC, and cut himself if he was not admitted. *Id.* ¶ 5.

According to plaintiff, Dr. Ghanime, who previously treated him and was familiar with his mental health history, initially recommended hospitalization based on her evaluation of him. *Id.* ¶ 6. Plaintiff alleges Dr. Stepenets "overruled [Dr. Ghanime's] decision and pressured her to discharge plaintiff, citing homelessness as a barrier to inpatient treatment" and "Dr. Ghanime complied." *Id*. Courtney Butler, alleges plaintiff, "subsequently falsified state documentation to give legal and procedural legitimacy to the discharge." *Id.* ¶ 7. Following discharge, plaintiff purchased a knife and returned to CDPC, where he injured himself. *Id.* ¶ 8. He later was transported to Albany Medical Center by emergency personnel. *Id.* Plaintiff alleges without elaboration that "Defendants treated Plaintiff differently from similarly situated individuals who were not homeless but exhibited suicidal ideation." *Id.* ¶ 9.

## RULE 12(B)(6) STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency of a pleading, a court must accept as true all well-pleaded facts and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This assumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). But the party must do so with sufficient

factual "heft to show that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading's "factual allegations must be enough to raise a right of relief above the speculative level," and present claims that are "plausible on their face." *Id.* at 570. Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief" or where a plaintiff has "not nudged his claims across the line from conceivable to plausible, the complaint must be dismissed." *Id.* at 558, 570.

When a plaintiff is proceeding *pro se*, the complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* status, however, "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## ARGUMENT

### POINT I

**PLAINTIFF FAILS TO PLEAD A SUBSTANTIVE DUE PROCESS CLAIM BECAUSE HE DOES NOT ALLEGE DEPRIVATION OF A FUNDAMENTAL RIGHT**

Plaintiff fails to state a substantive due process claim because the conduct he alleges does not constitute deprivation of a constitutional right. The Supreme Court limits substantive due process claims to "deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v Williams*, 474 U.S. 327, 331 (1986). While the Due Process Clause protects against government interference with fundamental rights, it does not confer entitlement to affirmative government aid necessary to realize all the advantages of those rights. *See Harris v. McRae*, 448 U.S. 297, 318 (1980). Nor does it "require[ ] the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Plaintiff alleges defendants failed to protect him from a

3

known risk he would harm himself when they did not admit him as an inpatient. Complaint ¶ 11. His claim is not that defendants deliberately interfered with his right to life, liberty, or property. Rather, plaintiff claims he was entitled to affirmative government aid in the form of inpatient treatment to protect him from the private threat of harm he alleges he posed to himself.

The Due Process Clause does not confer the right to state protection from risk of self-harm that plaintiff claims defendants denied him. The Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney*, 489 U.S. at 196. The Second Circuit recognizes two exceptions in which the state may owe a duty of affirmative aid to protect against private violence: the "special relationship" and "state-created danger" exceptions. *See Matican v. City of New York*, 524 F.3d 151, 155-57 (2d Cir. 2008); *DeShaney*, 489 U.S. at 198-200. Neither exception applies to the facts plaintiff alleges.

First, plaintiff does not plead existence of a special relationship that would give rise to the constitutional duty he claims. "Special relationships arise if a government actor has assumed an obligation to protect an individual by restricting the individual's freedom in some manner." *DeShaney*, 489 U.S. at 199-200 ("when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"). Involuntary custody is the "linchpin" of any special relationship exception. *Matican*, 524 F.3d at 156 (citing examples of incarceration, involuntary commitment to a mental health care institution, and foster care).

Plaintiff cannot proceed on a substantive due process claim premised on allegations that the state did ***not*** assume custody of him by not hospitalizing him voluntarily. The state has no "special relationship" with an individual who is not under state control and therefore is free to seek

4

alternative methods of treatment. *See Ferrari v. Cuomo*, 2025 U.S. Dist. LEXIS 59550, *24 (S.D.N.Y. 2025) (finding no special duty toward individuals who were voluntarily placed into nursing home facilities and free at all times to seek alternative methods of treatment) (copy attached), citing *George v. Rockland State Psychiatric Ctr.*, 2014 U.S. Dist. LEXIS 151152, *8 (S.D.N.Y. 2014) ("While Plaintiff was on parole, he was free to find his own medical treatment.") (copy attached). Plaintiff affirmatively alleges that he was ***not*** committed. *See* Complaint ¶ 6. The special relationship exception does not apply.

Second, plaintiff cannot proceed on a substantive due process claim that the state owed him an affirmative duty because he does not allege the state created the danger. A party cannot invoke the state-created danger doctrine by alleging only "that the state agent's actions contributed to or increased the likelihood that the victim would be unsafe." *Golian v. N.Y. City Admin. For Children Servs.*, 282 F. Supp. 3d 718, 730 (S.D.N.Y. 2017) (citing *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998)). State actors violate substantive due process if they affirmatively create or enhance the danger of private violence. *Okin v. Village of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 428 (2d Cir. 2009). State-created danger may be found in such circumstances as where (1) police officers told "skinheads" that they would not prevent them from beating up protesters in a park; (2) police officers gave a handgun to a retired officer who then shot a fleeing robber; (3) a prison guard told inmates that it was "open season" on a prisoner, and the inmates beat up the prisoner; and (4) police officials encouraged an off-duty colleague to drink excessively, after which he killed three pedestrians in a car accident. *See Matican*, 524 F.3d at 157 (citations omitted). Plaintiff does not allege facts to which the state-created danger doctrine applies.

5

Plaintiff's allegations that defendants failed to protect him from self-harm by not admitting him as an inpatient do not state a claim for violation of substantive due process rights. The Complaint should be dismissed to the extent it purports to assert a substantive due process claim.

## POINT II

### PLAINTIFF FAILS TO PLEAD AN EQUAL PROTECTION CLAIM BECAUSE HOMELESSNESS IS NOT A SUSPECT CLASS AND HE DOES NOT ALLEGE FACTS NECESSARY TO SUPPORT A "CLASS OF ONE" CLAIM

Plaintiff does not allege facts that, if true, would constitute a violation of his right to equal protection. "The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). The clause prohibits both "prototypical" discrimination based on membership in a protected class and "class of one" discrimination that one has been "intentionally treated differently from others similarly situated" without a "rational basis for the difference in treatment." *Id.* (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Plaintiff plainly asserts he was denied equal protection on the basis of class membership and not that he was individually singled out as a "class of one." Specifically, he alleges he was treated differently from individuals who were "not homeless" and that the difference in treatment was due to his homelessness. *See* Complaint ¶¶ 4, 9. Plaintiff cannot proceed on this "prototypical" equal protection claim because homelessness is not a suspect class. *See Abiy Yifru v. Tietz*, 2022 U.S. Dist. LEXIS 58001 (S.D.N.Y. 2002) (copy attached), *citing, e.g., Joel v. City of Orlando*, 232 F.3d 1353, 1357 (11th Cir. 2000) (collecting cases from multiple federal jurisdictions).

Additionally, plaintiff fails to make factual allegations necessary to state a claim under either theory of equal protection. He alleges that "Defendants treated Plaintiff differently from similarly-situated individuals who were not homeless but exhibited suicidal ideation." Complaint

6

¶ 9. This lone allegation of different treatment is wholly conclusory and therefore does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678. In addition to being conclusory, the sole allegation of different treatment is the converse of that necessary to sustain a "class of one" claim. In the "class of one" context, plaintiff must make factual allegations that he was he was treated differently from another who was similarly situated to him. *See Hu v. City of New* York, 927 F.3d 81, 99-101 (2d Cir. 2019). Plaintiff alleges only that he was treated differently from individuals who were *dissimilar* because they were not homeless. The Complaint should be dismissed to the extent it asserts an equal protection claim because it does not include necessary factual allegations.

### POINT III

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECUAUSE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

The Complaint should be dismissed in its entirety because defendants are entitled to qualified immunity based on the allegations contained in the Complaint. A government agent is entitled to qualified immunity from suit for money damages unless the plaintiff shows that the official violated a statutory or constitutional right, and that the right was "clearly established" at the time of the challenged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)); *see also Nat'l Rifle Ass'n of Am. v. Vullo*, 49 F.4th 700, 714 (2d Cir. 2022), *vacated and remanded on other grounds*, 602 U.S. 175 (2024). Because qualified immunity protects an individual from certain lawsuits, courts should resolve the question of qualified immunity at the "earliest possible stage in litigation," *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 565 (2009). Dismissal for failure to state a claim is appropriate where the complaint itself sets up, on its face, the qualified immunity defense. *Roniger v. McCall*, 22 F. Supp. 2d 156, 162 (S.D.N.Y. 1998) (citing *Green v. Maraio,* 722 F.2d 1013, 1019 (2d Cir. 1983)).

As discussed, *supra* in Points I and II, the Complaint does not state a claim for violation of constitutional right at all. The same law demonstrates that plaintiff does not claim violation of a right that was "clearly established." Rights are clearly established when "the contours of the rights are sufficiently clear that a reasonable official would understand that what he is doing violates those rights." *Anderson v. Creighton*, 483 U.S. 635, 640 (1998). The Second Circuit has identified three overlapping factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991). To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). As discussed, *supra* in Points I and II, the Supreme Court and Second Circuit Court have declined to recognize the purported constitutional rights Plaintiff claims were violated.

Indeed, precedent further bolsters the conclusion that defendants would not understand that the acts alleged would be unlawful. To the extent defendants had any clearly established constitutional duty toward plaintiff regarding an inpatient admission decision, it would have been to protect ***against*** commitment. "Substantive due process prohibits states from involuntarily committing nondangerous mentally ill individuals." *Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575-76 (1975)); *Vitek v. Jones*, 445 U.S. 480, 491-92 (1980) (involuntary commitment is a "massive curtailment of liberty" requiring due process of law). Plaintiff simply has not alleged Defendants engaged in conduct that they would have understood was unlawful and the Complaint should be dismissed on the additional basis of qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants respectfully request an order dismissing the First Amended Complaint in its entirety.

Dated: Albany, New York
November 21, 2025

                                            LETITIA JAMES
                                            New York State Attorney General
                                                Attorney for Defendants Pia Ghanime.,
                                                    Gregory Stepenets, and Courtney Butler

                                            The Capitol
                                            Albany, New York  12224

                                            By: _/s/ Heather Lammardo_
                                            Heather Lammardo
                                            Assistant Attorney General
                                            Bar Roll No. 5876073
                                            Telephone:  (518) 776-2584
                                            Email: heather.lammardo@ag.ny.gov

TO:    Mason Smith (via email to masonsmithlegal33@gmail.com)
          Plaintiff pro se