UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MASON SMITH,

                                        Plaintiff,

        vs.                                                          1:25-CV-750
                                                                     (MAD/DJS)
DR. PIA GHANIME, et al.,

                                        Defendants.

_____

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

The Court has reviewed Plaintiff's motion to disqualify the undersigned, *see* Dkt. No. 52, as well as Plaintiff's notice and letter motion requesting withdrawal from electronic service, correction of docket address, and removal of telephone number, *see* Dkt. No. 53.

The Court will first address Plaintiff's motion for the undersigned's recusal. *See* Dkt. No. 52. Plaintiff moves, pursuant to 28 U.S.C. § 455, and argues that the undersigned must recuse herself from this matter because (1) of the undersigned's prior representation of Albany Medical Center and its physicians; (2) Plaintiff has had issues with electronic filing; (3) the matter has been pending for nine months without discovery; (4) a telephone number Plaintiff provided to gain access to the Managed File Transfer ("MFT") portal is listed on the docket; and (5) the Court has not "asked for" audio recordings of telephone calls made to the telephone number on the docket. *See generally id.*

The test for recusal under 28 U.S.C. § 455 is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal[.]" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). Under 28

1

U.S.C. § 455(a), a judge "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned."  Recusal is also required "[w]here in private practice [the judge] served as lawyer *in the matter in controversy*, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]"  28 U.S.C. § 455(b)(2) (emphasis added).  "The prior representation of a party by a judge or h[er] firm with regard to a matter unrelated to litigation before h[er] does not automatically require recusal."  *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) (citations and footnote omitted); *see also Lovaglia,* 954 F.2d at 815 ("A judge's prior representation of one of the parties in a proceeding . . . does not automatically warrant disqualification").  "Nor does a judge's prior experience in the pertinent area of law justify recusal."  *Fifty-Six Hope Rd. Music Ltd. v. UMG Recordings, Inc.*, No. 08-CV-6143, 2011 WL 5825321, *1 (S.D.N.Y. Nov. 16, 2011) (citing *Cipollone v. Liggett Grp., Inc.,* 802 F.2d 658, 659 (3d Cir. 1986)).  "Where the standards governing recusal are not met, 'disqualification is not optional; rather, it is prohibited.'"  *Id.* (quoting *In re Aguinda,* 241 F.3d 194, 201 (2d Cir. 2001)); *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is") (citation omitted).

"The judge presiding over a case is in the best position to appreciate the implication of those matters alleged in a recusal motion."  *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312.  "Litigants are entitled to an unbiased judge; not to a judge of their choosing."  *Id.*

Plaintiff brings claims against Defendants Dr. Pia Ghanime and Dr. Gregory B. Stepanets, psychiatrists at Capital District Psychiatric Center ("CDPC"), as well as Courtney L. Butler, a licensed social worker at CDPC.  *See* Dkt. No. 13 at ¶ 3.  As noted, Plaintiff requests the

undersigned's recusal from this matter due to, among other things, prior representation of Albany Medical Center.  The undersigned represented Albany Medical Center in unrelated matters approximately fifteen years ago.  Notably, neither Albany Medical Center nor CDPC are named as Defendants in the present matter—individuals who purportedly work for CDPC are the only Defendants.  Plaintiff does not contend that the undersigned previously represented any of the named Defendants.  Indeed, the undersigned can confirm that she never represented any parties named in this action.  Regardless, the Second Circuit has stated that "[a] judge's prior representation of one of the parties in a proceeding . . . does not automatically warrant disqualification."  *Lovaglia*, 954 F.2d at 815 (citation omitted).  The Court finds that neither prior representation of a tangentially related entity in unrelated matters, nor prior experience in the field of medical malpractice litigation compels recusal.

To the extent Plaintiff argues that technical issues with using MFT and the listing of certain identifying information on the docket compel recusal, the Court also disagrees.  Magistrate Judge Stewart's denial of Plaintiff's "motion to enforce," based on Plaintiff's failure to complete certain necessary paperwork has no bearing on the undersigned's impartiality.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion") (citation omitted); *see also Neroni v. Grannis*, No. 3:11-CV-1485, 2016 WL 4386009, *3 (N.D.N.Y. Aug. 17, 2016) ("'Prior adverse rulings . . . are generally not a basis for disqualification'") (citations omitted).

With regard to the length of time this matter has been pending, the Court notes that Plaintiff is proceeding *pro se* and his application to proceed *in forma pauperis* was granted.  *See* Dkt. No. 6.  Before service of process was made, Plaintiff filed a motion requesting permission to amend the complaint, filed an amended complaint, and filed numerous notices and motions

3

related to proceeding under a pseudonym and electronic filing.  *See, e.g.*, Dkt. Nos. 9, 10, 11, 13, 15, 17.  Defendants waived service and appeared in October 2025.  *See* Dkt. Nos. 18, 19, 20, 21. Shortly after appearing via counsel, Defendants moved to dismiss the amended complaint on November 21, 2025.  *See* Dkt. No. 29.  There is nothing out of the ordinary about the pace at which this case is proceeding, besides delays caused by Plaintiff's filing of docket information-related requests.  Plaintiff has failed to demonstrate how the undersigned has, in any way, contributed to the length of time this matter has been pending.

Finally, Plaintiff filed a "Notice Regarding Harassment, Surveillance, and Interference with Pending Proceedings."  *See* Dkt. No. 50.  According to Plaintiff, he has received telephone calls to the telephone number listed on the docket and has experienced "conspicuous activity which include[s] sirens by the Saratoga County Sheriff's Office in and around Plaintiff's residential area."  *Id.* at 2-3.  Plaintiff takes issue with the Court not "ask[ing] for" recordings of these purported telephone calls.  Dkt. No. 52 at 6.  However, Plaintiff reiterates that he does not request any action from the Court, he merely contends that "a reasonable person would ask why a presiding judge, upon receiving a formal notice from a litigant stating that he possessed audio evidence of conduct directed at him in connection with a pending federal case, would not ask to see it."  *Id.* at 7.  The Court has received and reviewed all of Plaintiff's filings, but nothing in the present requests bears on this Court's ability to fairly and impartially decide the matter at hand. Telephone calls made to a publicly available telephone number do not compel the undersigned's recusal.

For these reasons, Plaintiff's request for the undersigned's recusal, *see* Dkt. No. 52, is denied.

The Court will now turn to Plaintiff's motion requesting withdrawal from electronic

service, correction of docket address, and removal of telephone number.  *See* Dkt. No. 53.

Plaintiff's request to electronically file documents via PACER/ECF was granted.  *See* Dkt. No. 38.

Since that time, Plaintiff has confronted issues with PACER registration.  *See* Dkt. No. 45.  On

February 10, 2026, Magistrate Judge Stewart denied Plaintiff's request to compel compliance with

the order granting him access to electronic filing.  *See* Dkt. No. 47.  Thereafter, Plaintiff filed

what he labels an objection to the order denying his request to compel such compliance.  *See* Dkt.

No. 51.

Now, Plainitff asks the Court to withdraw him from electronic filing, remove his email

address and telephone number from the docket, and correct his address of record.  *See* Dkt. No.

53.  Plaintiff's request that his electronic filing access be rescinded is granted and the Court will

direct the Clerk of Court to remove Plaintiff's email address and telephone number from the

docket.[1]

The balance of the issues Plaintiff raises are moot.  The mailing address listed on the

docket currently matches the address contained in Plaintiff's request, *see id.* at 2, so Plaintiff's

request that this information be corrected is denied as moot.  And, to the extent Plaintiff requests

relief from this Court related to Magistrate Judge Stewart's denial of Plaintiff's request to compel

compliance with the order granting him access to ECF, *see* Dkt. No. 51, such motion is denied as

moot because Plaintiff's request to withdraw from electronic filing is granted herein

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to disqualify the undersigned (Dkt. No. 52) is **DENIED**;

---

[1]  Plaintiff has filed numerous documents containing the email address that he now asks be removed from the docket.  *See, e.g.,* Dkt. No. 51 at 8; Dkt. No. 52 at 13.  The Court cannot change these filings, but will order that the email address be removed from the docket heading.

and the Court further

ORDERS that Plaintiff's notice and letter motion requesting withdrawal from electronic service, correction of docket address, and removal of telephone number (Dkt. No. 53) is **GRANTED in part and DENIED AS MOOT in part**, as described above; and the Court further

ORDERS that Plaintiff's objection to Magistrate Judge Stewart's February 10, 2026, Text Order (Dkt. No. 51) is **DENIED AS MOOT**; and the Court further

ORDERS that the Clerk of the Court is respectfully directed to rescind Plaintiff's access to electronic filing and remove Plaintiff's email address and telephone number from the docket;[2] and the Court further

ORDERS that the Clerk of Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 20, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] As a result of this Order, Plaintiff will receive docket filings, notifications, and service of documents via mail to the address listed on the docket.

6